UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JUSTIN LUDWIG,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-02155-FB

*Appearances:*
*For the Plaintiff*:
HAROLD SKOVRONSKY
1810 Avenue N
Brooklyn, NY 11230

*For the Defendant*:
MARK J. LESKO
Acting United States Attorney
By: DENNIS J. CANNING
Special Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Justin Ludwig ("Ludwig") seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Ludwig's motion is granted, the Commissioner's motion is denied, and this case is remanded for further proceedings.

1

## I.

Ludwig was employed as a real estate manager until he ceased working as of May 1, 2016 due to his anxiety and depression. Ludwig filed an application for DIB on February 22, 2017. After his claim was denied on May 24, 2017, he requested a hearing. Ludwig appeared before Administrative Law Judge Michael Friedman ("the ALJ") at a hearing on January 18, 2019. The ALJ denied Ludwig's appeal, concluding that Ludwig retained the capacity to perform unrestricted physical work, but with only occasional interaction with supervisors and coworkers and no contact with the public. Ludwig then submitted a request for review with the Social Security Appeals Council that was denied on April 23, 2020, producing this appeal.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

The ALJ erred in concluding that the opinion of Ludwig's treating psychiatrist, Dr. Elshafei, was unsupported by his treatment records and therefore entitled only to "minimal weight." AR 40.

The treating physician rule dictates that the opinion of a treating physician as to the nature and severity of an impairment is given "'controlling weight' so long as it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (citing 20 C.F.R. § 404.1527(d)(2)). In deciding whether the ALJ gave "appropriate weight" to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019). At step one, "the ALJ must decide whether the opinion is entitled to controlling weight." *Id*. at 95. At step two, "if the ALJ decides the opinion is not entitled to controlling weight, [he or she] must determine how much weight, if any, to give it" and must "explicitly consider" the four nonexclusive *Burgess* factors:

> (1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.

Here, the ALJ's decision presented an inappropriately one-sided view of Ludwig's mental health records. The ALJ also offered only a conclusory

3

explanation for his decision not to accord controlling weight to the opinion of Ludwig's treating physician, Dr. Elshafei, and plainly failed to consider the *Burgess* factors in determining to afford Dr. Elshafei's assessment minimal weight.

The record, including Dr. Elshafei's own treatment notes, clearly establish Ludwig's history of social anxiety and panic disorder. *See* AR 220-25. Dr. Elshafei observed and documented that Ludwig had "trouble sleeping," "excessive crying spells" and "[a] hard time communicating with others," as well as "chronic anxious feeling[s]" that "[increase] a lot around people," and "poor" social abilities. *Id*. In line with these treatment notes, Dr. Elshafei's assessment indicates that Ludwig has serious mental deficits that hinder his ability to follow instructions and interact with supervisors, and that Ludwig is unable to make simple work-related decisions or to interact appropriately with coworkers. AR 320-322. The reports submitted by the Social Security Administration's consulting examiner, Dr. Georgiou, and Ludwig's treating psychotherapist, Ms. Lewis, were also in line with Dr. Elshafei's assessment and treatment notes. AR 232, 312-315 (noting respectively that Ludwig has "anxiety-related symptoms," such as "worrying," "feeling irritable" and trouble sleeping, and exhibits "psychiatric difficulties [which] may significantly interfere with [his] ability to function on a daily basis"; and also that Ludwig experiences panic when leaving the house and that his "ability to function is severely limited by his symptoms").

However, instead of focusing on the well-developed record of Ludwig's debilitating mental illness, as supported by both treating and consulting physicians, the ALJ focused on isolated reports that Ludwig's mood was only "slightly irritable." AR 38.

The Second Circuit has explained that "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019) (citing *Garrison*, 759 F.3d at 1017). Therefore, a claimant's condition must be viewed holistically. In Ludwig's case, the ALJ improperly cherry-picked from the record, minimizing the extent and effects of Ludwig's mental illness, and in doing so failed to accord the treating physician's opinion proper weight. *See Burgess* at 22.

Additionally, the ALJ erred at step two of the *Estrella* framework by failing to explicitly apply the *Burgess* factors. This was a "procedural error." *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019). If the "Commissioner has not [otherwise] provided 'good reasons' for [the] weight assignment," the appropriate remedy is remand for the ALJ to "comprehensively set forth [his] reasons." *Id.*; *see also Guerra v. Saul*, 778 Fed. Appx. 75, 77 (2d Cir. 2019). Remand here is appropriate so that the *Burgess* factors may be given due consideration.

## CONCLUSION

Ludwig's motion is **GRANTED**, the Commissioner's motion is **DENIED**. This case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

                                             _/S/ Frederic Block_____

                                             FREDERIC BLOCK
                                             Senior United States District Judge

Brooklyn, New York
September 15, 2021